FILED by D.C.
APR 03 2018
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. of FLA. - MIAMI

IN THE DISTRICT COURT IN AND FOR
THE SOUTHERN DISTRICT OF FLORIDA
MIAMI, FLORIDA

TIKD SERVICES, LLC

Plaintiff,

vs.

THE FLORIDA BAR,
MICHAEL J. HIGER,
JOHN F. HARKNESS, JR.,
LORI S. HOLCOMB,
JACQUELYN P. NEEDELMAN,
GOLD & ASSOCIATES, P.A.
MARK S. GOLD
TED L. HOLLANDER;
ROBERT AZCANO,
JEFFERY R. LOTTER,
ROBERT R. WILLHOIT

Defendants.

Case number: 17-24103-Civ - Cooke/Goodman

**MEMORANDUM OF LAW IN SUPPORT OF RULE 24 (b)(1)(B) MOTION TO INTERVENE OF ANTHONY ELADIO RAMOS**

COMES NOW Anthony Eladio Ramos, *pro se*, and files this Memorandum of Law in Support of Rule 24 (b)(1)(B) Motion to Intervene, pursuant to the Federal Rules of Civil Procedure, and states:

## I.

## STATEMENT OF THE CASE AND OF THE FACTS

This matter is before this Court by the parties.

The intervenor following this matter for common questions of law and fact, reviewed the Statement of Interest of the U.S. Attorney General, and also the Response to same, of The Florida Bar.

Upon such review, the intervenor identified significant common questions of law and fact, as well as significant discrepancies in the arguments being made by The Florida Bar, when compared with the holdings by the Eleventh Circuit Court of Appeals, in his matter.

As the intervenor's case may be re-filed, and will be, those discrepancies, if relied upon by this Court, could result in a prejudicial ruling, not only as to *TIKD,* but also as same may affect the intervenor's matter.

For these reasons, the intervenor has filed a motion to intervene.

## II.

## ISSUE: WHETHER THIS COURT SHOULD GRANT THE MOTION TO INTERVENE

**III.**

**ARGUMENT**

Rule 24 (b)(1)(B) of the Federal Rules of Civil Procedure, allow a permissive intervenor into a matter, when there are common questions of law and fact.

In this matter, *TIKD*, the U.S. Attorney has filed a Statement of Interest, wherein the overriding question is whether this court, in ruling on the motion to dismiss of the defendants, should it rule in favor of the defendants, should dismiss this matter 'with prejudice.'

The Florida Bar has filed a Response, alleging in numerous places, that, since the intervenor's matter was dismissed at the trial level 'with prejudice,' *TIKD* should be similarly so dismissed.

The Florida Bar, however, would have this Court reverse the two holdings by the Eleventh Circuit Court of Appeals, most recently specifically reiterating that the intervenor's matter is dismissed 'without prejudice.'

Further, common questions of fact appear in that, as the intervenor explains, in his initial pleadings, his preoccupation was with a forensic reconstruction of the manner in which secret files came to be created by The Florida Bar, and how that entity, and others, managed to destroy, secretly, files which were not secret, to wit: his public disciplinary files. Counts 1 and 2 failed, therefore, because the intervenor did not develop the necessary allegations of fact to trigger Sherman Act jurisdiction. The U.S. Attorney appears to be making that development.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 29th day of March, 2018 the original of this document was mailed to: the Clerk of Court, United States District Court for the Southern District of Florida, 400 North Miami Avenue, 8th Floor Miami, Florida 33128, and that a copy was emailed to: Ramón A. Abadin, Esquire, Sedgwick, LLP, Co-Counsel for Plaintiff, ramon.abadin@sedgwicklaw.com; Peter D. Kennedy, Esquire, Graves, Dougherty, P.C., Co-Counsel for Plaintiff, pkennedy@gdhm.com; Robert J. Kuntz, Esquire, Devine Goodman, LLP, rkuntz@devinegoodman.com, Co-Counsel for Plaintiff; Steven J. Mintz, Makan Delrahim, Andrew C. Finch, Kristin C. Limarzi, and Robert B. Nicholson, Assistant Attorneys General / U.S. Department of Justice / Antitrust Division, c/o Steven.Mintz@usdoj.gov; Kevin W. Cox, Esquire, kevin.cox@hklaw.com, Shannon Veasey, Esquire, shannon.veasey@hklaw.com, Jerome W. Hoffman, Esquire, jerome.hoffman@hklaw.com, and Dominic C. MacKenzie, Esquire, donny.mackenzie@hklaw.com, Holland & Knight, LLP, and Markenzy LaPointe, Esquire, markenzy.lapointe@pillsburylaw.com, Co-Counsel for defendants, The Florida Bar, Michael J. Higer, John F. Harkness, Lori S. Holcomb and and Jacquelyn P. Needelman; and, Chris Kleppin, Esquire, ckleppin@gkemploymentlaw.com; Steven I. Peretz, Esquire, Peretz, Chesal & Herrmann, P.L., speretz@pch-iplaw.com; Gregg D. Thomas, Esquire, gthomas@tlolawfirm.com; James J. McGuire, Esquire, jmcguire@tlolawfirm.com; and, Allison K. Simpson, Esquire, asimpson@tlolawfirm.com, Counsel for Gold and Associates, P.A.; Ted L. Hollander, Robert Azcano, Jeffery R. Lotter, and Robert Willhoit.

____________________________

Anthony Eladio Ramos, *pro se*

by the intervenor in his motion, he is the person with the most knowledge of his case, and of the ultimate two prevailing victories that he has achieved in the Eleventh Circuit Court of Appeals. Rule 24 provides for his intervention in *TIKD.*

**CONCLUSION**

RESPECTFULLY SUBMITTED,

Anthony Eladio. Ramos, *pro se*
1805 Key Blvd,
Apt. 513
Arlington, VA 22201
202-236-3427
00aramos@gmail.com

Tony Ramos
1805 Key Blvd.
Apt. 513
Arlington, VA
22201

USMS INSPECTED
BY

CLERK OF COURT
U.S. DISTRICT COURT
400 N. MIAMI AVE.
8th FLOOR
MIAMI, FL
33128