UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 17-24103-Civ-COOKE/GOODMAN

TIKD SERVICES LLC,

    Plaintiff,

vs.

THE FLORIDA BAR, MICHAEL J. HIGER,
JOHN F. HARKNESS, LORI S. HOLCOMB,
et al.,

    Defendants
_____/

**PLAINTIFF TIKD SERVICES, LLC'S OPPOSITION TO
MOTION TO INTERVENE OF ANTHONY ELADIO RAMOS**

Plaintiff TIKD Services LLC ("TIKD") hereby opposes the Rule 24(b)(1)(B) Motion to Intervene of Anthony Eladio Ramos [DE 124] ("Motion to Intervene") and would respectfully show as follows.

I. **Introduction and summary.**

Mr. Ramos seeks to inject into this lawsuit his failed and long-running feud with the Florida Bar over his disbarment in 1997. Mr. Ramos' claims do not present common questions of law or fact with TIKD's claims in this case. Permitting Mr. Ramos to intervene would needlessly complicate this lawsuit and pointlessly increase the Court's burden. The Court should exercise its sound discretion and deny Mr. Ramos' Motion to Intervene.

II. **The standard for permissive intervention.**

Rule 24 provides two means of intervention: by right, under Rule 24(a), and by permission, under Rule 24(b). Ramos seeks permissive intervention under Rule 24(b)(1)(B). DE 124. This provision authorizes the Court, "[o]n timely motion," to allow a party to intervene who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Whether to permit such intervention is "wholly discretionary with the court . . ." *Worlds v. Dep't of Health and Rehabilitative Servs.,* 929 F.2d 591, 595 (11th Cir. 1991). Even if "there is a common question of law or fact, or the

requirements of Rule 24(b) are otherwise satisfied, the court may refuse to allow intervention." *Id*. (quoting 7C Wright, Miller & Kane, *Federal Practice and Procedure,* § 1913, at 376-77 (2d ed.1986)).  See also *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989) (district court has discretion to deny intervention even if Rule 24(b)(2)'s requirements are met, with that decision reviewed for abuse of discretion only).

Once a court grants intervention, the "intervenor is treated as if [he] were an original party and has equal standing with the original parties," so "the prospective intervenor [must] anchor [his] request in the dispute giving rise to the pending lawsuit." *In re Ford Motor Co.*, 471 F.3d 1233, 1246 (11th Cir. 2006) (citations omitted). The prospective intervenor must show that his "claim or defense and *the main action* have a question of law or fact in common," and that the intervenor's interest "be based on the action pending before the court." *Id*. (emphasis in original). See also *Mt. Hawley Ins. Co. v. Sandy Lake Props., Inc.,* 425 F.3d 1308, 1312 (11th Cir. 2005) (per curiam) (upholding denial of request for permissive intervention to assert claims unrelated to the main lawsuit).

### III.     Mr. Ramos' dispute with The Florida Bar is unrelated to this lawsuit.

The Supreme Court of Florida disbarred Mr. Ramos effective December 18, 1997, and prohibited him from seeking readmission for twenty years. *See Ramos v. Tomasino*, 2016 WL 8678546, *1 (S.D. Fla. 2016), *aff'd in part, remanded in part*, 701 Fed. App'x 798 (11th Cir. 2017). He was later barred from filing any lawsuits in state court unless represented by counsel, but Mr. Ramos continued to file multiple *pro se* lawsuits in federal court. *Id*.

Most recently, Mr. Ramos sued The Florida Bar, claiming it conspired to disbar him and later tried to prohibit him from applying for admission to the New York and the District of Columbia bars. *See Ramos*, 2016 WL 8678546, *2. Mr. Ramos' claims were dismissed. *Id*. at *2-3. The Eleventh Circuit affirmed, with a remand to dismiss a portion of two claims without prejudice. *Ramos v. Tomasino*, 701 Fed. App'x 798, 805 (11th Cir. 2017).

Mr. Ramos claims the Florida Supreme Court's disbarment order was improper, and that the routine destruction in 2008 of his Florida disciplinary records, pursuant to a Florida Supreme Court rule, hindered his subsequent efforts to apply for admission to New York and District of Columbia bars. *See Ramos*, 2016 WL 8678546, *2; *Ramos*, F. App'x at 800. Mr. Ramos' claims were fully adjudicated and dismissed, and the dismissal was affirmed on appeal. *Ramos*, 701 F. App'x at 800-05. The Eleventh Circuit remanded for the district court

to revise its dismissal order to reflect dismissal without prejudice for the portion of Mr. Ramos' claims seeking injunctive relief reversing the Florida Supreme Court's disbarment order, which had been dismissed under the *Rooker-Feldman* doctrine. *Id*. at 805.[1] This remand was necessary because a *Rooker-Feldman* dismissal is for lack of subject matter jurisdiction, and therefore is without prejudice. *Id*. Nonetheless, because *Rooker-Feldman* prohibits a federal lower court from reviewing state court final judgments, Mr. Ramos still cannot bring those claims here, or in any federal court. *Id*.

Because Mr. Ramos' claims against The Florida Bar were either dismissed with prejudice or cannot be brought in federal court, he does not appear to have any live claims against the Bar that could be litigated in *any* federal court. Even if Mr. Ramos did have live claims, they would be wholly unrelated to TIKD's claims against the Bar, which are based on unauthorized actions taken by the Bar during the course of its 2017 investigation of complaints filed by The Ticket Clinic. And while Mr. Ramos did allege antitrust violations against The Florida Bar, and the Bar did assert immunity, Mr. Ramos' claims differ fundamentally from TIKD's claims, so that that his intervention is unsuitable on both the facts and the law.

Unlike TIKD's claims, which turn on actions by The Florida Bar unsupervised by the Florida Supreme Court, Mr. Ramos' federal lawsuit challenged acts taken ***directly*** by the Florida Supreme Court: (a) the Supreme Court's 1997 order disbarring him and (b) the Supreme Court's enactment of rules governing disciplinary file document retention. The district court could not review Mr. Ramos' complaints about the Florida Supreme Court's disbarment order under *Rooker-Feldman*, and Mr. Ramos' antitrust claims were barred by state action immunity because he was complaining about actions taken directly by the Florida Supreme Court itself. *Ramos*, 2016 WL 8678546, *3 (*Parker* immunity applies to state supreme court when granting or denying bar admission or when acting in a lawmaking capacity).

In contrast, TIKD is not challenging a Florida Supreme Court order or rule or, indeed, *any* action taken by Supreme Court. Instead, TIKD challenges *unsupervised* and *unapproved*

---

[1] The *Rooker-Feldman* doctrine prohibits lower federal courts from reviewing final judgments entered by state courts. *Nicholson v. Shafe*, 558 F.3d 1266, 1268 (11th Cir. 2009). Such review is limited to the United States Supreme Court. *Id*.

Page 3

actions of the Florida Bar that *violated* Florida Supreme Court rules.  The Florida Supreme Court did not supervise or approve the Bar's Staff Opinion or answers to ethics hotline calls, which violated rules promulgated by the Florida Supreme Court governing the Bar.  *See* Amended Complaint ¶¶ 56-69; Florida Bar Procedures for Ruling on Questions of Ethics § 2(a)(1)(F) (prohibiting Bar from issuing ethics opinions on matters that are the subject of active UPL or ethics investigations).  *See also* TIKD Reply in Support of Motion for Preliminary Injunction at 5-6.

In short, TIKDs' claims against the Florida Bar are fundamentally different from Mr. Ramos' complaints about the Florida Supreme Court's actions.

**IV.     Conclusion and Prayer.**

Ramos' claims against The Florida Bar are barred by *res judicata* and *Rooker-Feldman*, and are unrelated to this lawsuit because they share neither common questions of law nor fact.  Plaintiff TIKD Services LLC therefore asks this Court to deny the Motion to Intervene and grant Plaintiff such other and further relief to which it may be justly entitled.

Respectfully submitted,

*/s/ Robert J. Kuntz, Jr.*
Robert J. Kuntz, Jr.
Florida Bar No. 094668
rkuntz@devinegoodman.com
Devine Goodman Rasco &
Watts-Fitzgerald, LLP
2800 Ponce De Leon Blvd., Suite 1400
Coral Gables, FL 33134
Telephone: 305/374-8200
30/374-8208 (fax)

*/s/  Peter D. Kennedy*
Peter D. Kennedy
Texas Bar No. 11296650
pkennedy@gdhm.com
Admitted *pro hac vice*
GRAVES, DOUGHERTY, HEARON & MOODY, P.C.
401 Congress Ave., Suite 2200
Austin, Texas 78701
Telephone: (512) 480-5764
Facsimile: (512) 536-9908
**ATTORNEYS FOR PLAINTIFF
TIKD SERVICES LLC**

## CERTIFICATE OF SERVICE

I certify that a true and complete copy of the foregoing was served on counsel below in a manner authorized by the Federal Rules of Civil Procedure on April 13, 2018:

Kevin Cox
HOLLAND & KNIGHT LLP
315 S. Calhoun Street, Ste. 300
Tallahassee, FL 32301
kevin.cox@hklaw.com

Dominic C. MacKenzie
Jerome Wayne Hoffman
HOLLAND & KNIGHT LLP
50 N. Laura St., Ste. 3900
Jacksonville, FL 32202
donny.mackenzie@hklaw.com
jerome.hoffman@hklaw.com

Steven I. Peretz
PERETZ CHESAL & HERRMANN PL
2 S. Biscayne Blvd., Ste. 3700
Miami, FL 33131
speretz@pch-iplaw.com

Anthony Eladio Ramos, *pro se*
1805 Key Blvd., Apt. 513
Arlington, VA 22201
Email: 00aramos@gmail.com
(Served via electronic mail)

Markenzy Lapointe
PILLSBURY WINTHROP SHAW PITTMAN LLP
600 Brickell Ave., Ste. 3100
Miami, FL 33131
markenzy.lapointe@pillsburylaw.com

Chris Kleppin
Glasser & Kleppin, P.A.
9862 W. Broward Blvd., Ste. 105
Plantation, FL 33324
ckleppin@gkemploymentlaw.com

Gregg D. Thomas
James J. McGuire
THOMAS & LOCICERO PL
601 South Boulevard
Tampa, FL 33606-2629
gthomas@tlolawfirm.com
jmcguire@tlolawfirm.com

*/s/ Peter D. Kennedy*
Peter D. Kennedy