UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-24103-Civ-COOKE/GOODMAN

TIKD SERVICES LLC,

    Plaintiff,

vs.

THE FLORIDA BAR, MICHAEL J. HIGER
JOHN F. HARKNESS, LORI S. HOLCOMB,
et al.,

    Defendants.

_____/

## ORDER ON MOTION TO INTERVENE

THIS MATTER is before me on the Rule 24(b)(1)(B) Motion to Intervene of Anthony Eladio Ramos ("Motion to Intervene"). (ECF No. 124). I have reviewed the record, the arguments, and the relevant legal authorities. For the reasons that follow, the Motion to Intervene is denied.

Federal Rule of Civil Procedure 24 provides two means of intervention: by right, under Rule 24(a), and by permission, under Rule 24(b). Ramos seeks to intervene under the latter provision. Rule 24(b) intervention is permitted where the moving party "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). But "it is wholly discretionary with the court whether to allow intervention under Rule 24(b), and even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied, the court may refuse to allow intervention." *Purcell v. BankAtlantic Fin. Corp.*, 85 F.3d 1508, 1513 (11th Cir.1996).

The instant Motion is Ramos's latest maneuver in a long-running dispute with The Florida Bar (the "Bar"). The Supreme Court of Florida disbarred Ramos effective December 18, 1997 and prohibited him from seeking readmission for twenty years. *See Ramos v. Tomasino*, 2016 WL 8678546, *1 (S.D. Fla. 2016). Although he was later barred from filing any lawsuits in state court unless represented by counsel, he continued to file multiple *pro se* lawsuits in federal court. *Id.* In one such action, he sued the Bar claiming it conspired to disbar him and later tried to prohibit him from applying for admission to the New York and the District of

Columbia bars. *See Id.* The district court dismissed his claims with prejudice. *Id.* at *2-3. The Eleventh Circuit affirmed, but remanded a portion of two claims for the district court to dismiss *without prejudice* because the ground for dismissal was a lack of subject matter jurisdiction. *Ramos v. Tomasino*, 701 Fed. App'x 798, 805 (11th Cir. 2017) (citing *Stalley v. Orlando Reg'l Healthcare Sys.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (dismissal on subject matter jurisdiction grounds "is without prejudice")).

Ramos argues the Court should allow him to intervene in this case because the Bar is using the dismissal of his claims in *Ramos* as support for its argument for dismissal here. He asserts that by doing so, the Bar effectively is asking the Court to reverse the Eleventh Circuit's ruling in *Ramos* that two of his claims be dismissed without prejudice rather than with prejudice. I disagree. Ramos's claims have nothing materially in common, legally or factually, with this case. The issues involved in *Ramos* are not contained in this case and, indeed, already have been resolved. *See In re Bayshore Ford Trucks Sales, Inc.*, 471 F.3d 1233, 1246 (11th Cir. 2006) ("[T]he plain language of Rule 24 requires the intervenor's interest to be based on the action pending before the court."). Moreover, intervention by Ramos would needlessly complicate this lawsuit and pointlessly increase the Court's burden. *See Purcell*, 85 F.3d at 1513. Accordingly, the Court **DENIES** the Rule 24(b)(1)(B) Motion to Intervene of Anthony Eladio Ramos. (ECF No. 124).

**DONE and ORDERED** in chambers at Miami, Florida, this 10th day of September 2018.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Jonathan Goodman, U.S. Magistrate Judge*
*Counsel of Record*